**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **STEVEN EARL HARTFIEL** | § | |
| | § | |
| **VS.** | § | |
| **T. LEE TRUCKING, LLC, TANNER** | § | **CIVIL ACTION NO.** |
| **LEE, WALDEN FARMS, LLC,** | § | **6:21-cv-00449** |
| **SOUTHLAND HAULERS, LLC** | § | |
| **AND TRAVIS TUCK, JR.** | § | |

**DEFENDANT T LEE TRCUKING, LLC'S INDEX OF
DOCUMENTS FILED WITH REMOVAL AND
CERTIFICATE OF INTERESTED PARTIES**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§1446(a), 1147(b) and Local Rule 81, T LEE TRUCKING, LLC,

one of the Defendants in the above-entitled and numbered cause, files the following documents

with the removed action:

1. Original Petition;

2. Answer of Defendants T Lee Trucking, LLC, Tanner Lee and Southland Haulers; and

3. Answer of Defendant Travis Tuck, Jr.

Respectfully submitted,

**KENT, ANDERSON, BUSH, FROST &
METCALF, P. C.**
2320 Dueling Oaks
Tyler, TX 75703
(903) 579-7500
(903) 581-3701 (Fax)
billya@kabfm.net

By:  /s/   *Billy D. Anderson*
   **BILLY D. ANDERSON**
   State Bar No. 01165966

   **ATTORNEYS FOR DEFENDANTS**
   **T LEE TRUCKING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was electronically via email delivered to the following as indicated on this the 17th day of November, 2021:

Brent Goudarzi
Goudarzi & Young
Welby K. Parish Law Bldg.
301 North Titus Street
P.O. Drawer 910
Gilmer, Texas
goudarziyoung@goudarzi-young.com

    /s/   *Billy D. Anderson*
   **BILLY D. ANDERSON**

Electronically Submitted
8/17/2021 2:07 PM
Gregg County District Clerk
By: Yazmin Powell ,deputy

NO. 2021-1428-B

| | | |
|---|---|---|
| **STEVEN EARL HARTFIEL** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **GREGG COUNTY, TEXAS** |
| | § | |
| **T. LEE TRUCKING, LLC,** | § | |
| **TANNER LEE, WALDEN FARMS, L.L.C.,** | § | |
| **SOUTHLAND HAULERS, L.L.C., AND** | § | 124 |
| **TRAVIS TUCK, JR.** | § | **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STEVEN EARL HARTFIEL, hereinafter called Plaintiff, complaining of T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C., SOUTHLAND HAULERS, L.L.C., and TRAVIS TUCK, JR., hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

### I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

### II.

Venue is proper in Gregg County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, STEVEN EARL HARTFIEL, resides in Kilgore, Texas. The last three digits of Plaintiff's driver's license number are 224. The last three digits of Plaintiff's social security number are 724.

Defendant, T. LEE TRUCKING, LLC, is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member/Manager, Tanner Lee, at 27007 Antioch Road, Andalusia, Alabama 36421.

Defendant, TANNER LEE, resides at 14555 AL Highway 55, Andalusia, Alabama 36420-6605, and may be served with process at this address or wherever he may be found.

Defendant, WALDEN FARMS, L.L.C., is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member, Hinton Mallette Walden, at 10731 Opp Hwy., Brantley, Alabama 36009.

Defendant, SOUTHLAND HAULERS, L.L.C., is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member/Manager, Howard L Compton, at 878 Cameron Chapel Rd., Brantley, Alabama 36009.

Defendant, TRAVIS TUCK, JR., resides at 530 A St., Alexander City, Alabama 35010, and may be served with process at this address or wherever he may be found.

## FACTS AND CAUSES OF ACTION

### IV.

At approximately 10:08 p.m. on October 30, 2019, Plaintiff was traveling in a 2013 Ford F150 pickup, westbound in the inside lane, on Interstate Highway 20 in Longview, Gregg County, Texas.  Defendant, TRAVIS TUCK, JR., was operating a 1999 Kenworth tractor owned and/or leased by Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C., and/or SOUTHLAND HAULERS, L.L.C., and towing a 2020 Wilson Trailer Co. trailer owned and/or leased by Defendants, TRAVIS TUCK, JR., T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., while in the course and scope of his employment with Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., traveling westbound in the outside lane on Interstate Highway 20, in Longview, Gregg County, Texas. Suddenly and without warning, Defendant, TRAVIS TUCK, JR., left the roadway, lost control of his tractor and trailer, then attempted to re-enter the roadway. As Defendant, TRAVIS TUCK, JR., was attempting to re-enter the roadway, his trailer collided with a guardrail, piercing the right side of his trailer. Suddenly and without warning, a cow fell from Defendant TRAVIS TUCK, JR.'s trailer and into the roadway and into the path of Plaintiff, causing Plaintiff to collide with the cow, subjecting Plaintiff to tremendous force.

### V.

Defendant, TRAVIS TUCK, JR., was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.  Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

    (a)  An operator on a roadway divided into two or more clearly marked lanes for traffic:

        (1) Shall drive as nearly as practical entirely within a single lane; and
        (2) May not move from the lane unless that movement can be made safely.

2.  Failing to keep a proper lookout;
3.  Failing to timely apply brakes;
4.  Failing to control the vehicle;
5.  Failing to take proper evasive action;
6.  Taking faulty evasive action;
7.  Failing to properly secure his load;
8.  Failing to act and/or respond in a reasonable manner; and
9.  Failing to control the speed of the vehicle.

Defendant TRAVIS TUCK, JR.'s conduct on the occasion in question violated 545.060 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, TRAVIS TUCK, JR., exiting the roadway of Interstate Highway 20, and then moving back onto the roadway of Interstate Highway 20, at the same time Plaintiff was traveling on the roadway of Interstate Highway 20, in the same area and vicinity where Defendant, TRAVIS TUCK, JR., was moving from a single lane of traffic and/or from off the roadway back onto the roadway of Interstate Highway 20. Defendant, TRAVIS TUCK, JR., failed to drive in a single lane and he moved from one lane to another when that movement could not be done safely, as would have been necessary to avoid releasing a cow into the roadway and into the path Plaintiff's vehicle while Plaintiff was traveling on Interstate Highway 20, in compliance with law and the duty of each person to use due care.

Section 545.060 of the Texas Transportation Code is designed to protect persons traveling on roadways who approach and/or are traveling near a motor vehicle operator who is moving from one lane of traffic. Plaintiff is within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants T. LEE TRUCKING, LLC's, TANNER LEE's, WALDEN FARMS, L.L.C.'s and/or SOUTHLAND HAULERS, L.L.C.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, TRAVIS TUCK, JR.;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner;

5. Failing to properly secure the load being hauled by Defendant, TRAVIS TUCK, JR.; and

6. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., were guilty of negligent entrustment and knew or should have known that Defendant, TRAVIS TUCK, JR., was a negligent and reckless driver.

## VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

## IX.

Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, TRAVIS TUCK, JR., in that Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., were the employer of Defendant, TRAVIS TUCK, JR., on the date that Defendant, TRAVIS TUCK, JR., negligently injured Plaintiff, as alleged above, and Defendant, TRAVIS TUCK, JR., was acting within the course and scope of that employment when that injury occurred or Defendants,   T. LEE

TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., had the right to control the activities of Defendant, TRAVIS TUCK, JR.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

## DAMAGES FOR PLAINTIFF

XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their injuries resulting from the accident;

B.      Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.    Mental anguish in the past;

F.    Mental anguish which, in reasonable probability, will be suffered in the future;

G.    Physical impairment in the past;

H.    Physical impairment which, in reasonable probability, will be suffered in the future;

I.    Disfigurement in the past;

J.    Disfigurement which, in reasonable probability, will be suffered in the future;

K.    Loss of earnings in the past;

L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.    Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of over $1,000,000.00

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Service: goudarziyoung@goudarzi-young.com

By: _____
        Brent Goudarzi
        State Bar No. 00798218
        Marty Young
        State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF

Electronically Submitted
11/12/2021 1:34 PM
Gregg County District Clerk
By: Patricia Adams ,deputy

2021-1428-B

| | | |
|---|---|---|
| STEVEN EARL HARTFIEL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| T. LEE TRUCKING, LLC, TANNER LEE, | § | OF GREGG COUNTY, TEXAS |
| WALDEN FARMS, LLC, | § | |
| SOUTHLAND HAULERS, LLC | § | |
| AND TRAVIS TUCK, JR. | § | 124th JUDICIAL DISTRICT |

**DEFENDANTS T LEE TRUCKING, LLC, TANNER LEE AND
SOUTHLAND HAULERS, LLC'S ANSWER
TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, **T LEE TRUCKING, LLC, TANNER LEE AND SOUTHLAND HAULERS, LLC**, three of the Defendants herein, and files this his their Original Answer and in support thereof, would respectfully show unto the Court the following:

**I.**

Subject to any stipulations or admissions made hereafter, pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof; reserving hereby their right to amend their Answer.

**II.**

Further answering, Defendants would show that the Plaintiff's recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiff as mandated by the Texas Civil Practice & Remedies Code § 41.0105.

**III.**

Pleading further, to the extent that Plaintiff had or has coverage under a health insurance

policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by Tex. Civ. Prac. & Rem. Code 146.001(1) and/ or any other insurance and/or indemnity coverage that would be applicable to or provide coverage for any of the medical or health care expenses incurred by Plaintiff in connection with the incident in question or injuries allegedly resulting therefrom,  Defendants would show that Plaintiff failed to mitigate Plaintiff's damages by failing to submit such healthcare expenses to the Plaintiff's insurance carrier and/or health benefit plan and/or by failing to timely inform the Plaintiff's health care service provider of the existence of such coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to Plaintiff's insurer(s) and/or healthcare benefit plan. Furthermore, if Plaintiff failed to follow instructions of medical providers and/or keep appointments, Plaintiff failed to mitigate Plaintiff's damages.

## IV.

By way of further affirmative defense, and in addition to any other limitation under law, Defendants plead that Plaintiff's recovery of medical expenses is governed by and limited to Chapter 146 of the Texas Civil Practice and Remedies Code.  Plaintiff is not liable for, and his healthcare providers may not recover, any medical expenses that Plaintiff's healthcare providers were required or authorized to bill Plaintiff's "health benefit plan" and failed to do so.  Plaintiff may only recover amounts he would have actually had to pay (i.e. co-pays or deductibles) had the healthcare providers actually billed the "health benefit plan" as authorized or required under Chapter 146 of the Texas Civil Practice & Remedies Code.

**V.**

Defendants will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against these Defendants, Defendants would respectfully show Defendants are entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.

**VI.**

Pleading further and in the strict alternative, Defendants would show that the Plaintiff has failed to comply with Texas Civil Practice & Remedies Code § 18.091, which requires Plaintiff who seeks loss of earnings and loss of earning capacity, to provide evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

**VII.**

In the unlikely event a jury finds in favor of Plaintiff and awards injuries and damages, Defendants  specifically reserve any and all rights he has for contribution against third persons, both parties and non-parties, and reserves its rights and remedies under § 33.001 *et. Seq.* Texas Civil Practices & Remedies Code.

**VIII.**

In the event there is, or later becomes, a settling person or persons herein, then Defendants intend to rely upon the provisions of Sections 33.0012 and 33.015 of the Texas Civil Practice & Remedies Code, together with any other statute, statutes or case authority with respect to their rights

with respect to a settling person.  Further, Defendants invoke their legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendants would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendants reserve\ the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determination.

## IX.

Defendants allege Plaintiffs' claims are limited by the damages and amounts, as applicable to this case, set forth in:

a. Chapter 304, Texas Finance Code;

b. Article 5069-1.05, Tex. Rev. Civ. Stat. Ann.; and/or

c. Chapter 41, Texas Civil Practice & Remedies Code.

## X.

Defendants seek the protection of any statute and law which caps, restricts, limits, or modifies the amount of monetary damages which might be awarded against Defendants in connection with this lawsuit, including but not limited to those outlined in Texas Rules of Civil Procedure Sections 41.004 and 41.008.

## XI.

Defendants specially plead that no punitive damages should be imposed in this case unless the Plaintiff is able to prove a case for such by clear and convincing evidence or beyond a reasonable doubt.  Failure to include a higher burden of proof than "by a preponderance of the evidence," in

connection with assessing a fine in the nature of punitive damages, constitutes deprivation of property without due process contrary to the 14th Amendment of the United States Constitution and contrary to the due process clause of the Texas Constitution.  The standards for judging a penalty provision pursuant to the Plaintiff's pleadings in this case and current Texas law and for determining the amount of the penalty in an award of punitive damages are unconstitutionally vague under the due process clauses of the United States Constitution and of the Texas Constitution.  Current Texas law does not give the jury adequate standards by which to determine an amount of punitive damages, and leaves the amount totally up to their discretion without any guidelines that provide reasonable parameters and, as such, is unconstitutional.

## XII.

Trial of the punitive damage cause in conjunction with the actual damages cause of action is a violation of the due process clauses of the United States and Texas Constitutions.  The punitive damage evidence, if any, and arguments and allegations thereunder, will unnecessarily and improperly prejudice the trial of this cause and should be bifurcated.

## XIII.

Defendants further assert that Plaintiff's claims for punitive damages violate the prohibition against excessive fines contained in the Texas Constitution Article 1, Section 13.  Defendants further assert that Plaintiff's claims for punitive damages violate the due process clauses of the United States Constitution and of the Texas Constitution in that the award of punitive damages and the amount thereof are left to the unfettered discretion of the jury and, therefore, lacks constitutionally guaranteed safeguards against abuse of the judicial process.  Defendants further assert that Plaintiff's

claims for punitive damages violate the equal protection clause of the United States Constitution Amendment 14, Section 1, in that award of such damages is left to the unfettered discretion of the jury and, therefore, lacks any safeguards against arbitrary assessment of such penalties.

## XIV.

Alternatively, Defendants invoke the limitations of punitive damages recoverable by Plaintiff against Defendants set forth in Texas Civil Practice and Remedies Code.

## XV.

Defendants assert their right to a trial by jury, under Texas Constitution article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon trial of this action, Plaintiff take nothing by way of his claims against these Defendants, and that Defendants be granted such other and further relief, either at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**KENT, ANDERSON, BUSH, FROST & METCALF, P. C.**
2320 Dueling Oaks
Tyler, TX 75703
(903) 579-7500
(903) 581-3701 (Fax)
billya@kabfm.net

By: _/s/_ *Billy D. Anderson* _____
**BILLY D. ANDERSON**
State Bar No. 01165966

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was electronically via email delivered to the following as indicated on this the 12th day of November, 2021:

Brent Goudarzi
Goudarzi & Young
Welby K. Parish Law Bldg.
301 North Titus Street
P.O. Drawer 910
Gilmer, Texas
goudarziyoung@goudarzi-young.com

_/s/_ *Billy D. Anderson* _____
**BILLY D. ANDERSON**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Tracy Jordan on behalf of Billy Anderson
Bar No. 1165966
thjordan@kabfm.net
Envelope ID: 59117589
Status as of 11/12/2021 2:07 PM CST

Associated Case Party: StevenEarlHartfiel

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 11/12/2021 1:34:22 PM | SENT |

Associated Case Party: T. Lee Trucking, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Billy Anderson | | billya@kabfm.net | 11/12/2021 1:34:22 PM | SENT |

2021-1428-B

| | | |
|---|---|---|
| STEVEN EARL HARTFIEL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| T. LEE TRUCKING, LLC, TANNER LEE, | § | OF GREGG COUNTY, TEXAS |
| WALDEN FARMS, LLC, | § | |
| SOUTHLAND HAULERS, LLC | § | |
| AND TRAVIS TUCK, JR. | § | 124th JUDICIAL DISTRICT |

## DEFENDANT TRAVIS TUCK, JR.'S ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, **TRAVIS TUCK, JR.**, one of the Defendants herein, and files this his

Original Answer and in support thereof, would respectfully show unto the Court the following:

### I.

Subject to any stipulations or admissions made hereafter, pursuant to Rule 92 of the

Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations

contained in Plaintiff's Original Petition, and demands strict proof thereof; reserving hereby their

right to amend their Answer.

### II.

Further answering, Defendants would show that the Plaintiff's recovery of medical or

healthcare expenses is limited to the amount actually paid or incurred by or on behalf of the Plaintiff

as mandated by the Texas Civil Practice & Remedies Code § 41.0105.

### III.

Pleading further, to the extent that Plaintiff had or has coverage under a health insurance

policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined

by Tex. Civ. Prac. & Rem. Code 146.001(1) and/ or any other insurance and/or indemnity coverage

that would be applicable to or provide coverage for any of the medical or health care expenses incurred by Plaintiff in connection with the incident in question or injuries allegedly resulting therefrom,  Defendant would show that Plaintiff failed to mitigate Plaintiff's damages by failing to submit such healthcare expenses to the Plaintiff's insurance carrier and/or health benefit plan and/or by failing to timely inform the Plaintiff's health care service provider of the existence of such coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to Plaintiff's insurer(s) and/or healthcare benefit plan. Furthermore, if Plaintiff failed to follow instructions of medical providers and/or keep appointments, Plaintiff failed to mitigate Plaintiff's damages.

## IV.

By way of further affirmative defense, and in addition to any other limitation under law, Defendant pleads that Plaintiff's recovery of medical expenses is governed by and limited to Chapter 146 of the Texas Civil Practice and Remedies Code.  Plaintiff is not liable for, and his healthcare providers may not recover, any medical expenses that Plaintiff's healthcare providers were required or authorized to bill Plaintiff's "health benefit plan" and failed to do so.  Plaintiff may only recover amounts he would have actually had to pay (i.e. co-pays or deductibles) had the healthcare providers actually billed the "health benefit plan" as authorized or required under Chapter 146 of the Texas Civil Practice & Remedies Code.

## V.

Defendant will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the

injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against this Defendant, Defendant respectfully shows Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code §41.0105.

## VI.

Pleading further and in the strict alternative, Defendant would show that the Plaintiff has failed to comply with Texas Civil Practice & Remedies Code § 18.091, which requires Plaintiff who seeks loss of earnings and loss of earning capacity, to provide evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

## VII.

In the unlikely event a jury finds in favor of Plaintiff and awards injuries and damages, Defendant specifically reserves any and all rights he has for contribution against third persons, both parties and non-parties, and reserves its rights and remedies under § 33.001 *et. Seq.* Texas Civil Practices & Remedies Code.

## VIII.

In the event there is, or later becomes, a settling person or persons herein, then Defendant intends to rely upon the provisions of Sections 33.0012 and 33.015 of the Texas Civil Practice & Remedies Code, together with any other statute, statutes or case authority with respect to their rights with respect to a settling person.  Further, Defendant invokes his legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings

against other persons or entities.  In this connection, Defendant reserves the right to submit issues against parties who may be present in the case or absent from the case at the time the matter is submitted to the jury for fact determination.

## IX.

Defendant alleges Plaintiff's claims are limited by the damages and amounts, as applicable to this case, set forth in:

    a.        Chapter 304, Texas Finance Code;

    b.        Article 5069-1.05, Tex. Rev. Civ. Stat. Ann.; and/or

    c.        Chapter 41, Texas Civil Practice & Remedies Code.

## X.

Defendant seeks the protection of any statute and law which caps, restricts, limits, or modifies the amount of monetary damages which might be awarded against Defendant in connection with this lawsuit, including but not limited to those outlined in Texas Rules of Civil Procedure Sections 41.004 and 41.008.

## XI.

Defendant specially pleads that no punitive damages should be imposed in this case unless the Plaintiff is able to prove a case for such by clear and convincing evidence or beyond a reasonable doubt.  Failure to include a higher burden of proof than "by a preponderance of the evidence," in connection with assessing a fine in the nature of punitive damages, constitutes deprivation of property without due process contrary to the 14th Amendment of the United States Constitution and contrary to the due process clause of the Texas Constitution.  The standards for judging a penalty

provision pursuant to the Plaintiff's pleadings in this case and current Texas law and for determining the amount of the penalty in an award of punitive damages are unconstitutionally vague under the due process clauses of the United States Constitution and of the Texas Constitution.  Current Texas law does not give the jury adequate standards by which to determine an amount of punitive damages, and leaves the amount totally up to their discretion without any guidelines that provide reasonable parameters and, as such, is unconstitutional.

## XII.

Trial of the punitive damage cause in conjunction with the actual damages cause of action is a violation of the due process clauses of the United States and Texas Constitutions.  The punitive damage evidence, if any, and arguments and allegations thereunder, will unnecessarily and improperly prejudice the trial of this cause and should be bifurcated.

## XIII.

Defendant further asserts  that Plaintiff's claims for punitive damages violate the prohibition against excessive fines contained in the Texas Constitution Article 1, Section 13.  Defendant further asserts that Plaintiff's claims for punitive damages violate the due process clauses of the United States Constitution and of the Texas Constitution in that the award of punitive damages and the amount thereof are left to the unfettered discretion of the jury and, therefore, lacks constitutionally guaranteed safeguards against abuse of the judicial process.  Defendant further asserts that Plaintiff's claims for punitive damages violate the equal protection clause of the United States Constitution Amendment 14, Section 1, in that award of such damages is left to the unfettered discretion of the jury and, therefore, lacks any safeguards against arbitrary assessment of such penalties.

**XIV.**

Alternatively, Defendant invokes the limitations of punitive damages recoverable by Plaintiff against Defendant set forth in Texas Civil Practice and Remedies Code.

**XV.**

Defendant asserts his right to a trial by jury, under Texas Constitution article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon trial of this action, Plaintiff take nothing by way of his claims against this Defendant, and that Defendant be granted such other and further relief, either at law or in equity, to which he may be justly entitled.

Respectfully submitted,

**KENT, ANDERSON, BUSH, FROST & METCALF, P. C.**
2320 Dueling Oaks
Tyler, TX 75703
(903) 579-7500
(903) 581-3701 (Fax)
billya@kabfm.net


By:  /s/   *Billy D. Anderson*
       **BILLY D. ANDERSON**
       State Bar No. 01165966

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was electronically via email delivered to the following as indicated on this the 16th day of November, 2021:

Brent Goudarzi
Goudarzi & Young
Welby K. Parish Law Bldg.
301 North Titus Street
P.O. Drawer 910
Gilmer, Texas
goudarziyoung@goudarzi-young.com


   /s/   *Billy D. Anderson*
**BILLY D. ANDERSON**