NO. 2021-1428-B

| | | |
|---|---|---|
| STEVEN EARL HARTFIEL | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | GREGG COUNTY, TEXAS |
| | § | |
| T. LEE TRUCKING, LLC, | § | |
| TANNER LEE, WALDEN FARMS, L.L.C., | § | |
| SOUTHLAND HAULERS, L.L.C., AND | § | |
| TRAVIS TUCK, JR. | § | 124 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, STEVEN EARL HARTFIEL, hereinafter called Plaintiff, complaining of T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C., SOUTHLAND HAULERS, L.L.C., and TRAVIS TUCK, JR., hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Gregg County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, STEVEN EARL HARTFIEL, resides in Kilgore, Texas. The last three digits of Plaintiff's driver's license number are 224. The last three digits of Plaintiff's social security number are 724.

Defendant, T. LEE TRUCKING, LLC, is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member/Manager, Tanner Lee, at 27007 Antioch Road, Andalusia, Alabama 36421.

Defendant, TANNER LEE, resides at 14555 AL Highway 55, Andalusia, Alabama 36420-6605, and may be served with process at this address or wherever he may be found.

Defendant, WALDEN FARMS, L.L.C., is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member, Hinton Mallette Walden, at 10731 Opp Hwy., Brantley, Alabama 36009.

Defendant, SOUTHLAND HAULERS, L.L.C., is a limited liability company organized under the laws of the State of Alabama, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process/Member/Manager, Howard L Compton, at 878 Cameron Chapel Rd., Brantley, Alabama 36009.

Defendant, TRAVIS TUCK, JR., resides at 530 A St., Alexander City, Alabama 35010, and may be served with process at this address or wherever he may be found.

## FACTS AND CAUSES OF ACTION

IV.

At approximately 10:08 p.m. on October 30, 2019, Plaintiff was traveling in a 2013 Ford F150 pickup, westbound in the inside lane, on Interstate Highway 20 in Longview, Gregg County, Texas. Defendant, TRAVIS TUCK, JR., was operating a 1999 Kenworth tractor owned and/or leased by Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C., and/or SOUTHLAND HAULERS, L.L.C., and towing a 2020 Wilson Trailer Co. trailer owned and/or leased by Defendants, TRAVIS TUCK, JR., T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., while in the course and scope of his employment with Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., traveling westbound in the outside lane on Interstate Highway 20, in Longview, Gregg County, Texas. Suddenly and without warning, Defendant, TRAVIS TUCK, JR., left the roadway, lost control of his tractor and trailer, then attempted to re-enter the roadway. As Defendant, TRAVIS TUCK, JR., was attempting to re-enter the roadway, his trailer collided with a guardrail, piercing the right side of his trailer. Suddenly and without warning, a cow fell from Defendant TRAVIS TUCK, JR.'s trailer and into the roadway and into the path of Plaintiff, causing Plaintiff to collide with the cow, subjecting Plaintiff to tremendous force.

V.

Defendant, TRAVIS TUCK, JR., was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

    (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

    (1) Shall drive as nearly as practical entirely within a single lane; and
    (2) May not move from the lane unless that movement can be made safely.

2. Failing to keep a proper lookout;
3. Failing to timely apply brakes;
4. Failing to control the vehicle;
5. Failing to take proper evasive action;
6. Taking faulty evasive action;
7. Failing to properly secure his load;
8. Failing to act and/or respond in a reasonable manner; and
9. Failing to control the speed of the vehicle.

Defendant TRAVIS TUCK, JR.'s conduct on the occasion in question violated 545.060 of Vernon's Texas Statutes and Codes Annotated, Texas Transportation Code, by Defendant, TRAVIS TUCK, JR., exiting the roadway of Interstate Highway 20, and then moving back onto the roadway of Interstate Highway 20, at the same time Plaintiff was traveling on the roadway of Interstate Highway 20, in the same area and vicinity where Defendant, TRAVIS TUCK, JR., was moving from a single lane of traffic and/or from off the roadway back onto the roadway of Interstate Highway 20. Defendant, TRAVIS TUCK, JR., failed to drive in a single lane and he moved from one lane to another when that movement could not be done safely, as would have been necessary to avoid releasing a cow into the roadway and into the path Plaintiff's vehicle while Plaintiff was traveling on Interstate Highway 20, in compliance with law and the duty of each person to use due care.

Section 545.060 of the Texas Transportation Code is designed to protect persons traveling on roadways who approach and/or are traveling near a motor vehicle operator who is moving from one lane of traffic. Plaintiff is within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants T. LEE TRUCKING, LLC's, TANNER LEE's, WALDEN FARMS, L.L.C.'s and/or SOUTHLAND HAULERS, L.L.C.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, TRAVIS TUCK, JR.;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner;

5. Failing to properly secure the load being hauled by Defendant, TRAVIS TUCK, JR.; and

6. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., were guilty of negligent entrustment and knew or should have known that Defendant, TRAVIS TUCK, JR., was a negligent and reckless driver.

VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

IX.

Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, TRAVIS TUCK, JR., in that Defendants, T. LEE TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., were the employer of Defendant, TRAVIS TUCK, JR., on the date that Defendant, TRAVIS TUCK, JR., negligently injured Plaintiff, as alleged above, and Defendant, TRAVIS TUCK, JR., was acting within the course and scope of that employment when that injury occurred or Defendants, T. LEE

TRUCKING, LLC, TANNER LEE, WALDEN FARMS, L.L.C. and/or SOUTHLAND HAULERS, L.L.C., had the right to control the activities of Defendant, TRAVIS TUCK, JR.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

## DAMAGES FOR PLAINTIFF

XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of their injuries resulting from the accident;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be suffered in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Disfigurement in the past;

J. Disfigurement which, in reasonable probability, will be suffered in the future;

K. Loss of earnings in the past;

L. Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M. Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief of over $1,000,000.00

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-Service: goudarziyoung@goudarzi-young.com

By: _____
    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF